```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MARLON BROWN,

      Plaintiff,

v.                                    Case No: 2:21-cv-545-JES-MRM

JANE DOE, Nurse, individual capacity, FNU RICEWICK, LPN, individual capacity, FNU BEARD, Nurse, individual capacity, FNU ATHEMIDOR, Nurse, and J. JACKSON, Nurse, individual capacity,

      Defendants.

## ORDER

Before the Court are Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 12) and Plaintiff Marlon Brown's Response (Doc. 16).

**I.   Background**

Brown is a prisoner of the Florida Department of Corrections (FDOC). He sues five nurses—the four named Defendants and an unknown nurse identified as Jane Doe—over medical treatment he received while incarcerated at DeSoto Correctional Institution. The Court recounts the allegations as pled in Brown's Complaint, which the Court must accept as true when considering Defendants' Motion. See Chandler v. Sec'y Fla. Dep't of Transp., 695 F.3d 1194, 1198-99 (11th Cir. 2012).

On September 26, 2020, while getting dressed for a medical appointment, Brown slammed his hand into a locker. During the appointment, Brown showed Jane Doe his fingers, which were swollen, disfigured, and painful, and told her he believed they were broken. Doe told Brown to submit a sick call request. Brown did so on September 28, 2020. On October 1, 2020, Brown saw Defendant Athemidor for an unrelated medical appointment and complained about the pain in his fingers. Athemidor responded that the appointment was not for his fingers and told Brown to submit a sick call request.

Brown submitted a second sick call request for his fingers on October 9, 2020. Ten days later, at a medical appointment for unrelated issues, Brown showed Ricewick his fingers. Ricewick stated the fingers looked broken and advised Brown to submit a sick call request. Brown submitted his third sick call request on October 20, 2020. During another unrelated medical visit ten days later, Brown showed Beard and Jackson his fingers, complained about the pain, and informed the nurses he had injured the fingers almost a month earlier. Beard and Jackson recommended Brown submit a sick call request. During another unrelated medical visit on November 2, 2020, Ricewick again suggested that Brown submit another sick call request for his fingers.

Brown submitted his fourth request on November 23, 2020. Brown saw Jackson for another unrelated medical visit the next

day. Brown brought up his fingers again, and Jackson said she was tired of hearing about them. On December 24, 2020, Ricewick finally saw Brown for his injured fingers. Ricewick noted the fourth and fifth fingers on Browns right hand were swollen and deformed and ordered an x-ray, which confirmed the fingers were fractured.

Brown accuses each Defendant of violating his Eighth Amendment rights by failing to treat a serious medical need. He seeks a declaratory judgment, compensatory damages, and his costs and fees.

## II. Legal Standard

When considering a motion to dismiss under Rule 12(b)(6) courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. See Iqbal, 556 U.S. at 678. This plausibility standard requires "more than a sheer

possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555.

Brown files his Complaint under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1059 (11th Cir. 2001).

**III. Discussion**

Defendants first claim Brown's Complaint is a shotgun pleading. A shotgun pleading is one that fails to comply with Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both. The problem with shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015). Brown's Complaint does not suffer this defect. It states in clear and

plain language the specific factual allegations against each Defendant in separate, sequentially numbered paragraphs, and it separately accuses each Defendant of deliberate indifference to Brown's serious medical need. Brown's Complaint is not a shotgun pleading.

Defendants next argue Brown fails to state an Eighth Amendment claim. In Estelle v. Gamble, the Supreme Court established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976). But not every claim of inadequate medical treatment gives rise to an Eighth Amendment violation. Id. at 105. Negligence in diagnosis or treatment—even if it constitutes medical malpractice—does not necessarily violate the constitution. Id. at 106.

"To prevail on a claim of deliberate indifference to serious medical need in violation of the [Eighth] Amendment, a plaintiff must show: '(1) a serious medical need; (2) the defendant['s] deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury.'" Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir. 2010) (quoting Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009)). In the Eleventh Circuit, "[a] serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that a lay person would easily recognize the necessity for

a doctor's attention.'" Shaw v. Allen, 701 F. App'x 891, 893 (11th Cir. 2017) (quoting Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)). "Severe pain that is not promptly or adequately treated can…constitute a serious medical need depending on the circumstances." Melton v. Abston, 841 F.3d 1207, 1222 (11th Cir. 2016). Brown claims his fractured fingers were swollen, painful, and disfigured, and that Defendants declined to treat the fingers for three months. The Court finds that Brown has plausibly alleged a serious medical need. See Lepper v. Nguyen, 368 F. App'x 35, 39 (11th Cir. 2010) ("Lepper's hand injury certainly qualifies as an objectively serious medical need.")

Deliberate indifference has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotation marks omitted). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." Id. But "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment does not support a claim of deliberate indifference." Wilson v. Smith, 567 F. App'x 676, 678 (11th Cir. 2014) (internal citation and quotation marks omitted). "Moreover, matters of

medical judgment do not constitute deliberate indifference." Id. (citing Estelle, 429 U.S. at 107).

Brown's claims against each Defendant follow the same pattern: Brown saw each nurse for a reason unrelated to his hand, he showed the nurse his swollen and disfigured fingers and complained of pain, and the nurse declined to treat the fingers and advised Brown to submit a sick call request. Each Defendant has responded to Brown's Complaint with the same arguments: Brown failed to allege (1) that Defendants had subjective knowledge of a risk of serious harm, (2) that the delay in treatment caused him to suffer injury, and (3) that each Defendant's decision not to treat Brown's injury was a matter of medical judgment.

The Court rejects Defendants' arguments. The Court can reasonably infer from Brown's allegations—that he showed each nurse his swollen and disfigured fingers and complained about the pain—that each Defendant knew Brown was in severe pain. The Court can also reasonably infer that Defendants' refusal to treat Brown's fingers prolonged his pain, which satisfies the causation element at this stage of the case. The Complaint does not suggest Defendants refused to treat Brown's injured fingers due to their medical judgment. In fact, each nurse at least implicitly acknowledged a need for treatment by advising Brown to submit a sick call request.

In sum, the Court finds that Brown's Complaint plausibly pleads that each Defendant violated his Eighth Amendment rights by refusing to treat his fractured fingers.

Accordingly, it is hereby

**ORDERED:**

Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 12) is **DENIED**. Defendants must answer the Complaint within 14 days of this Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of February 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
Counsel of Record